**FU HUA XU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–73971.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

Daniel Fong, Law Offices of Daniel K.Y.Long, Monterey Park, CA, for Petitioner.

Kiley L. Kane, Esquire, Oil, John Hogan, Senior Litigation Counsel, Jennifer L. Lightbody, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, David H. Wetmore, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Fu Hua Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Holder,* 559 F.3d 1096, 1102 (9th Cir.2009), and we grant and remand the petition for review.

The BIA concluded that Xu failed to establish eligibility for asylum because she failed to demonstrate persecution on account of an enumerated ground. The BIA, however, did not have the benefit of our intervening decision in *Li, id.,* which holds that substantial evidence did not support the BIA's finding that the petitioner was a mere criminal subject to prosecution when the petitioner violated no Chinese law, but instead came to the aid of refugees in defiance of China's unofficial policy of discouraging aid to refugees. We therefore remand for the BIA to reconsider its denial of Xu's application for asylum, withholding of removal, and CAT in light of this decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.